ON Application por a Rehearing.
The opinion of the court was delivered by
Breaux, J.
J. T. Bordes, the holder of a cheek for a small amount, claims to be paid in full and by preference out of the dividend declared by the liquidators in favor of,the drawer.
The check was dated 1st day of September, 1896, was made to the order of Antoine as payee, and by him it was endorsed over to Bordes.
*1078 The bank failed on the 11th day of September, and no demand of payment had been made prior to its failure.
J. M. Beauxis, the holder of another check, also for a small amount, claims to be paid oud of the dividends placed on the tableau of distribution to the credit of the drawer of his check. The check was dated the 2d day of September, 1896, and was endorsed over by the original payee to Lee & Co. of St. Louis, to whom it was forwarded; the latter endorsed it for collection to the Merchants Laclede National Bank. That bank sent it to the Whitney National Bank for collection. The drawer failed on the day the Whitney National Bank received the check.
These checks not having been presented previous to failure, the issue is whether an action can be maintained by the respective holders against the bank?
The weight of authority, in our judgment, sustains the view that a check is not sufficient foundation for an action, by the holder against the bank.
There may have been an equitable assignment between the drawer and payee. Upon this point the authorities are divided, but as between the bank and the payee it is difficult to conceive how there could have been an assignment as to the former without the least notice.
In applying the rule which should govern it should be borne in mind that in this case the check had not been accepted by the bank; the amount could not be and was not charged to the drawer; no settlement of any kind had been made covering the check; it did not contain words of transfer or assignment, either oral or written.
Upon this state of facts we do not think there was an assignment as' to the bank, so that the holder could sue the liquidators of the insolvency for refusal to pay upon the presentation of the check.
We quote, upon that subject, from a case recently decided by the Supreme Court of the United States: “As between a check holder and the bank upon which such a check is drawn, it is settled that unless the check be accepted by the bank an action can not be maintained by the holder against the bank.” Citing as authority Bank of the Republic vs. Millard, 10 Wall. 152; First National Bank vs. Whitman, 94 U. S. 343; Fourth Street Bank vs. Yardley, 165 U. S. 650.
If a check operates an assignment as between the' bank and the *1079 holder, then there would be an assignment without the acceptance by the bank of the draft, and even without notice.
The bank, until acceptance or notice, was unquestionably a third person.
In Bernard, Administrator, vs. Bank, 43 An. 57, this court passed upon a similar question, and decided that the relation betwen the drawee and drawer is not changed prior to acceptance or notice.
We adhere to the principles, in so far as they apply, announced in that case, supported as they are upon the point here involved by a number of cited decisions.
The District Court therefore properly dismissed the opposition of J. M. Beauxis, and the judgment was erroneous in maintaining the claim of T. J. Bordes on his check.
It is therefore ordered, adjudged and decreed that our decree be amended by striking therefrom and excluding the claim of T. J. Bordes for thirteen dollars and seventy cents allowed by the District Court, and dismissing his claim. In all other respects our judgment remains unchanged.